**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:25-CR-00294-JAK-1 |
| Plaintiff, | **ORDER OF DETENTION** |
| v. | [18 U.S.C. §§ 3148(b), 3143(a)] |
| EDUARDO AVENA, | |
| Defendant. | |

On February 13, 2026, Defendant Eduardo Avena Green made his initial appearance following his arrest on a bench warrant issued on February 11, 2026, and a detention hearing was held.

The Court has reviewed the files and records in this matter, including the report prepared by the U.S. Pretrial Services Agency on February 13, 2026, and its recommendation of detention.

The Court has considered the allegations of Defendant's noncompliance with the conditions set for pretrial release, including the allegation in the Petition that he was arrested for battery and accessory to commit a felony in

connection to an attempted murder, as well as prior failures to comply with release conditions.

The Court finds, pursuant to 18 U.S.C.§ 3148(b), as follows:

1.  Probable cause to believe that Defendant has committed a Federal, State, or local crime while on release. See Petition for action on conditions of pretrial release.  Thus, there is a rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community if released and Defendant has failed to rebut the presumption.

and

2.     Clear and convincing evidence that Defendant has violated the conditions of his release. *See* Petition for action on conditions of pretrial release.

Having considered the factors set forth in 18 U.S.C.  §3142(g), the court finds that there no longer is any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court finds that there is now a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release.  The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

2

IT THEREFORE IS ORDERED that defendant is remanded to the custody of the United States Marshal pending further proceedings to be scheduled before District Judge Kronstadt.

Dated: February 13, 2026

Patricia Donahue
_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

3